[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 12, 2004
THOMAS  K. KAHN
CLERK

_____

No. 03-12940

_____

D. C. Docket Nos. 02-81036 CV-DTKH
91-31884 BKC-RAM

In Re:

PIPER AIRCRAFT CORPORATION,

Debtor.

_____

ROMEO CHARLIE, INC.,

Plaintiff-Appellant,

versus

PIPER AIRCRAFT CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 12, 2004)**

Before DUBINA, BARKETT and COX, Circuit Judges.

PER CURIAM:

Appellant Romeo Charlie, Inc. ("RCI") appeals the district court's order affirming the bankruptcy court's order denying RCI's post-confirmation motion to compel the Trustee for the Piper Aircraft Irrevocable Trust, Howard J. Berlin ("Trustee"), to furnish certain records that the Trustee supplied to actuaries in connection with a re-computation process directed by a Trust Instrument. For the reasons that follow, we affirm the district court's order.

## I.  BACKGROUND

On July 1, 1991, Piper Aircraft Corporation (the "debtor") filed a petition for reorganization under Chapter 11 of the Bankruptcy Code. On July 11, 1995, the bankruptcy court entered a confirmation order. The confirmation order authorized the establishment of the Piper Aircraft Irrevocable Trust (the "Trust") for the principal purpose of resolving and satisfying the present and future claims of creditors against the debtor. The confirmation plan incorporated the Trust Instrument (the "Trust Instrument"). Pursuant to the Trust Instrument, RCI, as a member of the Class Interest Holders, had a contingent financial interest in the Trust. Specifically, RCI had the potential opportunity to receive a distribution from the Trust on what is defined as the Third Distribution Date under the plan.

2

RCI would not know if it received a distribution until the Recomputation Date, which was the seventh anniversary of the effective date under the plan, July 11, 2002.

Pursuant to the Trust Instrument, the Trustee directed two independent actuarial firms, Milliman & Robertson, Inc. and Tillinghast, to prepare actuarial reports (the "Reports") on the Recomputation Date. Each Report projected the amounts of various components of the computation including the amount of future losses related to future claims and loss adjustment expenses, the rate of return on trust assets, and trust costs and expenses. The Trustee, in his discretion, selected the Milliman Report which reflected that the Trust did not have adequate funds to pay future claims, loss adjustment expenses, and trust expenses, as projected, and that it would not generate adequate earnings for these purposes from the assets it had on hand. Thus, the Trust was unable to pay interest in respect of certain allowed claims, much less a distribution to the contingent financial interest holders.

In April 2002, RCI filed a motion to compel, requesting information that the Trustee supplied to the actuaries for consideration in making the recomputation calculations. Following a hearing, the bankruptcy court entered an order denying RCI's motion to compel. The bankruptcy court determined that the Trust

Instrument controlled and that RCI's request for information was outside the scope of the information the Trustee was required to provide pursuant to the Trust Instrument. RCI appealed the bankruptcy court's order to the district court, which affirmed. RCI then timely filed a notice of appeal to this court.[1]

## II. ISSUE

Whether the district court erred in determining whether the bankruptcy court abused its discretion in denying RCI's motion to compel the Trustee to furnish certain records supplied to actuaries in connection with a re-computation process directed by the Trust Instrument.

## III. DISCUSSION

RCI filed a motion to compel in the bankruptcy court seeking additional information from the Trustee regarding the reports of financial distribution to creditors. The district court affirmed the bankruptcy court's order on appeal. "Because the district court functions as an appellate court in reviewing bankruptcy decisions, this court is the second appellate court to review bankruptcy court

---

[1] Subsequent to the appeal, the Trustee filed a motion to dismiss the appeal on the ground of mootness. Because of our disposition of this case, we deny the Trustee's motion to dismiss the appeal.

cases." *In re Glados, Inc.*, 83 F.3d 1360, 1362 (11th Cir. 1996). As with any other discovery order, we review "questions concerning the scope or opportunity for discovery for an abuse of discretion." *In re Kiwi Int'l Air Lines, Inc.*, 344 F.3d 311, 323 (3d Cir. 2003) (agreeing "with the District Court that the Bankruptcy Court did not abuse its discretion by denying the trustee's request for additional discovery"); *Brandt v. Wand Partners*, 242 F.3d 6, 18-20 (1st Cir. 2001) (reviewing discovery orders by the bankruptcy court for abuse of discretion). *See also In re Kellogg*, 197 F.3d 1116, 1122 (11th Cir. 1999) (holding that the district court did not err by concluding that the bankruptcy court did not abuse its discretion in denying motion for continuance, motion to withdraw, and motion for reconsideration and rehearing).

After reviewing the record, we conclude that the bankruptcy court did not abuse its discretion in denying RCI's motion to compel. As noted by the bankruptcy court, the Trust Instrument governs RCI's right to certain information regarding the reports of financial distribution to creditors and copies of these reports. The Trustee provided to RCI all the information that the Trust Instrument required. RCI does not dispute that it received all of this information. RCI had every opportunity to examine that data and reach a preliminary conclusion as to whether the Trustee breached its ultimate obligations to RCI and take action

5

accordingly.  Moreover, as the bankruptcy judge noted, RCI had every opportunity during the negotiation of the Trust Instrument to change the terms of the agreement to require additional substantial information.  The Trust Instrument provides a specific mechanism of determining whether RCI will receive a distribution.  The Trust Instrument, however, does not provide for participation by Interest Holders in the re-computation process.

Furthermore, RCI would not be entitled to any additional information under the applicable regulations governing the duties of the bankruptcy Trustee to disclose information.  *See* 11 U.S.C. § 704(7) (providing that "[t]he trustee shall . . . *unless the court orders otherwise,* furnish such information concerning the estate and the estate's administration as is requested by a party in interest. . . .") (emphasis added); Fla. Stat. § 737.303(3) (providing that "[t]he trustee shall keep the beneficiaries of the trust reasonably informed of the trust and its administration.  In addition: . . . *Upon reasonable request*, the trustee shall provide any vested beneficiary with relevant information about the assets of the trust and the particulars relating to administration (emphasis added).  These provisions would not give RCI any more disclosure than they had already obtained through the negotiated Trust Instrument unless the district court, in its discretion, wished to give it to them.  Accordingly, the bankruptcy court acted within its discretion in

6

determining that there was no equitable basis to judicially compel the additional information desired by RCI.

**AFFIRMED.**