[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-15953
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 27, 2007
THOMAS K. KAHN
CLERK

D. C. Docket Nos.
06-01084-CV-ORL-19-JGG
05-09477-BK-JAF

In Re:  JAMES L. PARIS,


Debtor.


_____


JAMES L. PARIS,

                                                      Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

                                                      Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(August 27, 2007)**

Before BIRCH, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

James Paris, a debtor in a case filed under Chapter 7 of the Bankruptcy Code, appeals the grant of summary judgment against him in favor of the Internal Revenue Service in an adversary proceeding he brought to determine the dischargability of trust fund recovery penalties that had been assessed against him under § 6672 of the Internal Revenue Code. Those penalties were assessed against him as responsible person who willfully failed to pay employment taxes owed by his business.

## I.

Paris was the owner, president, and registered agent of James L. Paris Financial Service, Inc. Paris had the authority to hire and fire employees, open business accounts, and direct payment of corporate bills. Paris hired Carmen Paris, his brother, to be the corporation's vice-president and accountant, a capacity in which Carmen served until he was terminated in 2002. Carmen was an authorized bank signatory for the corporation and signed its quarterly federal tax returns for the periods ending in March 2000, June 2000, December 2000, March 2001, June 2001, and September 2001. Paris alleged that Carmen embezzled money from the corporation and stole company records, and, that as a result of Carmen's misdeeds,

Paris was not aware of the payroll tax deficiencies until Agent Rican, of the IRS, contacted him on June 8, 2002, shortly after Carmen's dismissal from the corporation. Paris admitted that, after learning of the tax deficiencies in June 2002, he paid various expenses, such as payroll, rent, supplies, and utilities instead of paying the tax deficiencies. The IRS assessed trust fund recovery penalties against Paris, pursuant to 26 U.S.C. § 6672, for payroll taxes that were withheld from the wages of the employees of the corporation, and not paid to the IRS from June 2000 through December 2002.

Paris filed motions to compel disclosure of the actual name and location of Agent Rican and to compel Agent Lawson, the current IRS agent on the case, and Carmen to attend depositions. The bankruptcy court held a hearing on the motions. At the hearing Paris conceded that he was a responsible person under § 6672, argued that there was a question of fact as to whether he "willfully" violated the statute, and stated that he needed Agent Rican's deposition to establish that Paris was not aware that the payroll taxes were not being paid. The bankruptcy court denied the motions to compel and granted summary judgment in favor of the IRS on the issues of liability and dischargability. The court found that Paris willfully violated the statute as a matter of law because on June 8, 2002 he became aware of the outstanding tax liability and thereafter wrote numerous checks to other

3

creditors. The court made this finding despite Paris' assertion that his payments to other creditors represented an effort to keep the corporation going so that he could eventually pay the taxes. Paris appealed and the district court affirmed the bankruptcy court's order in its entirety.

## II.

On appeal to this Court, Paris first contends that the bankruptcy court erred by not allowing him to complete discovery before it granted summary judgment. He argues that, because he was unable to depose the relevant witnesses, he could not discover critical evidence that would have satisfied his burden to show that he did not act willfully. Next, Paris argues that the only evidence that the IRS offered regarding his liability were records prepared by Carmen, the embezzler. Those records, according to Paris, overstated the tax liability because Carmen had concocted the records to cover up his embezzlement by inflating the amounts he had supposedly paid to the IRS, when in reality he pocketed the money. Paris asserts that the bankruptcy court should have allowed him to depose Carmen to determine the true extent of the unpaid employment taxes. Additionally, Paris argues that, if he had been able to complete discovery, he would have been able to ascertain why the fraud continued for so long without the IRS collecting money from Carmen.

4

We review, as the second level of appellate review of a bankruptcy court, "questions concerning the scope or opportunity for discovery for an abuse of discretion." In re Piper Aircraft Corp., 362 F.3d 736, 738 (11th Cir. 2004) (internal quotation and citation omitted).

The bankruptcy court did not abuse its discretion by denying Paris's discovery requests because his proposed inquiries were not relevant to the determination of his tax liability under the relevant statute and would not have changed the outcome of the summary judgment determination. The discovery sought by Paris could not have yielded any evidence relevant to his liability for the tax debt or the dischargability of the debt, the two issues before the bankruptcy court on summary judgment. The only evidence relevant to these questions concerned events after June 8, 2002, because it is undisputed that Paris learned of the tax liability on that date. Any testimony from Agent Rican, Agent Lawson, or Carmen concerning Paris' knowledge of the corporation's failure to satisfy its payroll tax obligations before June 8, 2002 is irrelevant to the IRS' theory of liability in this case, which hinges on Paris' conduct after he learned of the debt on June 8, 2002. None of the questions Paris suggests he would have asked if given the opportunity to depose Agent Rican, Agent Lawson, or Carmen, respond to the IRS' theory of liability. Accordingly, the bankruptcy court did not abuse its

discretion by denying Paris the discovery he requested.

## III.

Paris next contends that summary judgement was improper because he did not willfully violate § 6672. He argues that lawsuit he filed against Carmen in state court, now an asset of the bankruptcy estate, demonstrates that Carmen embezzled the funds that should have been paid to the IRS and that Paris did not know that the taxes were not being paid. Paris also asserts that the IRS conceded that he did not know about the tax liability until June 8, 2002. He argues that his only connection to the unpaid tax liability was signing two delinquent tax returns after he regained control of the corporation. Paris additionally argues that, had he done what the IRS asked, he would have been guilty of securities fraud under 18 U.S.C. §§ 1341, 1348, & 1346. Finally, Paris suggests that the bankruptcy court did not fully consider those statutory provisions or the fact that all of the corporation's funds were encumbered.

We review <u>de novo</u> a district court's order affirming a bankruptcy court's grant of summary judgment. <u>In re Piccadilly Cafeterias, Inc.</u>, 484 F.3d 1299, 1302 (11th Cir. 2007). "Like a district court, a bankruptcy court may only grant summary judgment where there is no genuine issue of material fact." <u>In re Optical Technologies, Inc.</u>, 246 F.3d 1332, 1334 (11th Cir. 2001) (citation omitted).

6

Section 6672 provides:

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall . . . be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

26 U.S.C. § 6672(a). Paris concedes, and the record amply supports, the position of the IRS that he is a "responsible person" within the meaning of § 6672(a). Therefore, our resolution of this issue turns on whether Paris "willfully" violated the statute.

We have found that the willfulness requirement of § 6672 is satisfied "if the responsible person has knowledge of payments to other creditors after he becomes aware of the failure to remit the withheld taxes." Thosteson v. United States, 331 F.3d 1294, 1300 (11th Cir. 2003). There is no requirement that willfulness of the responsible person include a fraudulent or other bad motive. Id. In Thosteson the responsible party did not learn until much later that, due to the actions of another party, the corporation had "substantial overdue payroll tax liabilities." Id. at 1298. However, once he learned of the delinquency, he continued to write checks to other creditors because he felt that, if the business was successful, then the taxes could be repaid. Id. We concluded that such behavior constituted a willful violation of § 6672(a), explaining that:

7

Even if a "responsible" person is unaware that withholding taxes have gone unpaid in past quarters, a responsible person who becomes aware that taxes have gone unpaid in past quarters in which he was also a responsible person, is under a duty to use all "unencumbered funds" available to the corporation to pay those back taxes. This duty extends not only to funds available to the corporation at the time the responsible person becomes aware but also to any unencumbered funds acquired thereafter. If the responsible person fails to use such unencumbered funds to satisfy the past unpaid liability, he is deemed personally liable for the taxes that went unpaid in the past while he was responsible. The responsible person deemed liable for the unpaid liability of past tax quarters is considered to have "willfully" failed to pay over the taxes for those past quarters, even though he was unaware at that time that the taxes were going unpaid.

Id. at 1300–01 (emphasis added) (citations omitted).

In light of our decision in Thosteson, summary judgment was entirely appropriate in this case. Paris concedes that after June 8, 2002 he was aware of the unpaid tax liability. In his response to the IRS' request for admissions, Paris also admitted that he wrote checks, drawn on the corporation's bank account, to other creditors after he learned of the tax debt. He wrote these checks to cover various corporate expenses, including payroll, rent, supplies, utilities, and legal bills. Paris also signed quarterly tax returns for the periods ending in March and June of 2002. Under Thosteson these actions effectively transformed Paris from a responsible person who was not personally liable into a willful violator of the statute. It may have been Paris' sincere belief that continuing to operate the corporation would eventually allow him to repay the unpaid taxes, just as that may have been the

8

sincere belief of the responsible person in <u>Thosteson</u>. Nevertheless, it is clear as a matter of law that Paris "willfully" violated § 6672, just as we held Thosteson did. No facts that are material to the § 6672 issue are in dispute.

We need not reach Paris' argument that the corporation's funds were encumbered by operation of the securities laws because he made payments to other creditors with money that was presumably unencumbered. Any payment to creditors other than the IRS, once Paris was aware of the unpaid tax liability, constituted a willful violation of the § 6672. <u>Id.</u> Even assuming that some of the corporation's funds could not be paid to any creditor, including the IRS, without running afoul of the securities laws, Paris' argument that the corporation "had no unencumbered funds" after June 2002 is not supported by the record. Paris chose to pay other creditors of the corporation instead of the IRS. Unless Paris' position is that paying other creditors also violated securities laws, which it apparently is not, his argument that he had no unencumbered funds is without merit.

**AFFIRMED.**

9