UNITED STATES of America,

v.

Roy Mack WEST, a.k.a. Teeny Man.

No. CR 95–AR–0091–S.

United States District Court,
N.D. Alabama,
Southern Division.

June 20, 2000.

G. Douglas Jones, U.S. Atty's Office, Birmingham, AL, Richard S. Jaffe, Jaffe, Strickland, Beasley & Drennan, PC, Robert B. French, Jr., Victoria D. Little, Decatur, GA, for Roy Mack West.

Harry K. Hays, Chatanooga, TN, Susan G. James, Susan G. James & Assoc., Montgomery, AL, David R. Arendall, Birmingham, AL, J. Stephen Salter, Birmingham, AL, Emory Anthony, Jr., Birmingham, AL, for Leroy Steven Wofford.

Roy R. Barrera, Sr., Nicholas & Barrera, PC, San Antonio, TX, for Edward Wilson Perkins.

Christopher W. Duncan, Toccoa, GA, for Robert Douglas Williams.

G. Douglas Jones, Herbert H. Henry, III, Joyce White Vance, Robert P. McGregor, Jr., U.S. Atty's Office, Birmingham, AL, for U.S.

### *MEMORANDUM OPINION*

ACKER, District Judge.

On May 18, 2000, within minutes after this court, pursuant to the express mandate of the Eleventh Circuit, re-sentenced defendant, Roy Mack West ("West" or "defendant"), a pre-prepared motion for a new trial, invoking Rule 33, F.R.Cr.P., was filed. The court now considers West's said motion.

On August 23, 1995, when the jury found West guilty under both Counts One and Two of the indictment, Rule 33 read as follows:

Rule 33. New Trial

The court on motion of a defendant may grant a new trial to that defendant if required in the interest of justice. If trial was by the court without a jury the court on motion of a defendant for a new trial may vacate the judgment if entered, take additional testimony and direct the entry of a new judgment. A motion for a new trial based on the ground of newly discovered evidence may be made only before or **within two years after final judgment,** but if an appeal is pending the court may grant the motion only on remand of the case. A motion for a new trial based on any other grounds shall be made within 7 days after verdict or finding of guilty or within such further time as the court may fix during the 7–day period.

(emphasis supplied).

By the time of the recent re-sentencing on May 18, 2000, Rule 33 had been amended to read as follows:

Rule 33. New Trial

On a defendant's motion, the court may grant a new trial to that defendant if the interests of justice so require. If trial was by the court without a jury, the court may—on defendant's motion for new trial—vacate the judgment, take additional testimony, and direct the entry of a new judgment. A motion for new trial based on newly discovered evidence may be made only **within three years after the verdict or finding of guilty.** But if an appeal is pending, the court may grant the motion only on remand of the case. A motion for a new trial based on any other grounds may be made only within 7 days after the verdict or finding of guilty or within such further time as the court may fix during the 7–day period.

(emphasis supplied).

On November 2, 1995, West was sentenced pursuant to his conviction under Count One. The conviction under Count Two was set aside upon this court's finding that the offense charged in Count Two was a lesser included offense subsumed by Count One. Count One had charged a violation of 21 U.S.C. § 848, the so-called Continuing Criminal Enterprise (CCE)

statute, and Count Two had charged a violation of 21 U.S.C. § 846, namely, a conspiracy to possess with intent to distribute marijuana, cocaine, and methamphetamine. *See United States v. Nixon,* 918 F.2d 895, 908 (11th Cir.1990). West filed a timely notice of appeal to the Eleventh Circuit. He did not file a motion for a new trial until his present motion was filed on May 18, 2000, four years and eight months after the verdict.

West's appeal winded its way through the courts. In due course, the Eleventh Circuit affirmed this court. *United States v. West,* 142 F.3d 1408 (11th Cir.1998). But, the Supreme Court thereafter decided *Richardson v. United States,* 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999), and, acting on West's pending petition for *certiorari,* vacated the judgment of the Eleventh Circuit and remanded the case to that court for reconsideration in light of *Richardson. West v. United States,* 526 U.S. 1155, 119 S.Ct. 2042, 144 L.Ed.2d 211 (1999). *Richardson* made it quite clear that this court's jury charge with respect to Count One, the CCE count, had been erroneous, and that West's conviction under that count could not stand. The Eleventh Circuit dutifully followed the direction of the Supreme Court, vacated West's conviction under Count One, and, by mandate entered on February 29, 2000, ordered this court to reinstate West's conviction under Count Two. *United States v. West,* 201 F.3d 1312 (11th Cir.2000).

West's present Rule 33 motion claims both that newly discovered evidence necessitates the granting of a new trial and that trial errors were committed in 1995 and things occurred during the trial that call for a new trial. West understandably does not request a new trial of the charges made against him in Count One, the CCE count, although the mandate of the Eleventh Circuit does not preclude the reinstatement of Count One in the event of a new trial. This court acknowledges that the Government seems to have given up any further attempt to pursue West under Count One. Upon remand, both the Government and West seem to have contemplated the imposition of a criminal penalty only under Count Two, despite the fact that the Eleventh Circuit gave no instruction as to what to do about Count One in the event this court should, for some reason, grant West a new trial. On the other hand, the Eleventh Circuit said nothing to suggest that it considers a new trial to be an option, and this court seriously doubts that the Eleventh Circuit even thought about the matter.

■ The amendment to Rule 33 that became effective during West's appeal to the Supreme Court was clearly designed to make the triggering event for a motion for a new trial the same, no matter whether the motion is based on newly discovered evidence or on other grounds. Article I, Section 9, Constitution of the United States, protects West against the *ex post facto* application of the substantive change made in Rule 33 while his appeal was pending. The amendment makes a very material alteration in the procedural rights of persons who claim to be entitled to a new trial because of newly discovered evidence. Therefore, Rule 33, as it existed when West was convicted, still establishes the time within which a Rule 33 motion based on newly discovered evidence must be filed. No material change was made in Rule 33 with respect to the other grounds of West's present motion. Therefore, under the "old" Rule 33, West had two years from the **final judgment** within which to file his motion based on newly discovered evidence. The "final judgment" in this case was entered on February 29, 2000, the date upon which the Eleventh Circuit issued its mandate. *See United States v. Dayton,* 981 F.2d 1200 (11th Cir.1993).

West could have filed a Rule 33 motion years ago while his appeal was pending, even though this court could not have ruled upon it until receipt of the mandate from the Eleventh Circuit. Rule 33 is written so as to allow the trial court, if a meritorious motion for new trial is filed while an appeal is pending, to join the defendant in requesting of the court of

appeals a special remand for the limited purpose of granting a new trial. This possibility was never presented to this court pending West's appeal.

■ West's Rule 33 motion, insofar as it is based on grounds other than newly discovered evidence, is not timely and must be denied for that reason. The Eleventh Circuit plainly has held that the Rule 33 requirement that a motion for new trial be filed within 7 days after the "verdict or the finding of guilty," except when based upon newly discovered evidence, is **jurisdictional**. *See United States v. Bramlett,* 116 F.3d 1403, 1405 (11th Cir.1997). See also *United States v. Brown,* 587 F.2d 187, 189 (5th Cir.1979), and *United States v. Lara–Hernandez,* 588 F.2d 272, 275 (9th Cir. 1978). West's three highly experienced and competent counsel at trial, one of whom is now the United States Attorney for the Northern District of Alabama, did not file a motion for new trial on West's behalf within 7 days of the verdict, and did not, within the said 7–day period, request this court to extend the time for filing such a motion. If a reasonable extension had been timely requested, this court would have routinely granted it. Under the procedural circumstances now appertaining, there is no point in discussing the merits of the grounds asserted in West's current motion except for his claim of newly discovered evidence. Lacking jurisdiction over the Rule 33 motion except as to the ground based on newly discovered evidence, this court need not point out that to rule on the merits of West's motion would give him a second opportunity to voice complaints to the Eleventh Circuit about the 1995 trial and conviction, complaints that he has either already unsuccessfully made to the Eleventh Circuit or that he could have made. The law-of-the-case blocks him even if this court had jurisdiction over his Rule 33 motion.

The court is mystified as to why the Government has not raised the issue of this court's jurisdiction over the grounds of West's Rule 33 motion other than the ground based on newly discovered evidence. The court would not have raised this question *sua sponte* except that it cannot overlook the fact that a jurisdictional defect of this kind cannot be waived. The court also fails to understand why the Government did not raise the doctrine of the law-of-the-case as an alternative bar to West's present motion. If this court thought that it had jurisdiction over West's Rule 33 motion, the prior appeal would close the door on West as to the matters he presented in his earlier appeal or to the matters that could have been presented.

This court undoubtedly has jurisdiction over what West hopefully characterizes as "newly discovered evidence." Therefore, the court cannot avoid dealing with West's belated contention in this regard. If "newly discovered evidence" meant "evidence that has recently been discovered," there is nothing recent about West's purported discoveries. For aught appearing, West has known for years what he says he now knows. "Newly discovered evidence" means "evidence discovered after trial," so that whether such evidence was discovered by a convicted defendant five minutes after the jury verdict is rendered (although not pointed out to the trial court until four years later), or is discovered five minutes before the filing of a Rule 33 motion, it meets the definition of "newly discovered evidence." Under the circumstances of this case, West's "newly discovered evidence" can be characterized as old, new evidence, or as new, old evidence.

■ West's allegations respecting "newly discovered evidence" are unavailing for several reasons. First, to the extent his argument relies on the trial record it logically cannot involve anything "new." It merely re-examines the evidence that was introduced and upon which the verdict was based. Second, to the extent West relies upon facts not in the record, his allegations of newly discovered evidence are unsubstantiated. Mere conclusions, or assertions, or wishful thinking, without affidavits or sworn testimony from persons having personal knowledge of the alleged

newly uncovered facts, is not enough to create the possibility of a new trial or to require an evidentiary hearing to find out if any witness can provide admissible proof of what the defendant now alleges. Third, there is no proof offered by West that his "newly discovered evidence" was not known to him at the time of his trial **and** that his failure to know it was not occasioned by a lack of diligence on his part or on the part of his counsel. Fourth, if West had proven or could prove the things he hopefully calls "newly discovered evidence," that evidence is either not material, or, to the extent it is material, would not have been likely to change the result. The relevant evidence overwhelmingly supported West's conviction for what he was accused of in Count Two, the only count upon which he has now been sentenced. For the benefit of the Eleventh Circuit as it considers the appeal which is certain to follow the accompanying order, the court notes that it has relied on *United States v. Hirst*, 668 F.2d 1180 (11th Cir. 1982), and *United States v. Johnson*, 713 F.2d 654 (11th Cir.1983), in reaching these conclusions. The court is under no compulsion to evaluate and to express its thoughts about each separate item of "newly discovered evidence." West has simply failed to meet his burden of proving "newly discovered evidence" of such character and magnitude as to call for a new trial.

### CONCLUSION

For the foregoing reasons, West's Rule 33 motion will be denied by separate order.