NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-1318

PHONOMETRICS, INC.,

Plaintiff-Appellant,

v.

HOSPITALITY INTERNATIONAL, INC.,

Defendant-Appellee.

_____

DECIDED:  January 12, 2005
_____

Before MICHEL, Chief Judge, RADER, and LINN, Circuit Judges.

LINN, Circuit Judge.

Phonometrics, Inc. ("Phonometrics") appeals from the United States District Court for the Southern District of Florida's ("district court") grant of summary judgment of non-infringement in favor of Hospitality International, Inc. ("Hospitality"). Phonometrics, Inc. v. Hospitality Int'l, Inc., No. 94-7107-CIV (S.D. Fla. Mar. 3, 2004).  Because Phonometrics has not shown a genuine dispute of material fact and has not shown that the district court abused its discretion in denying a stay for further discovery, we affirm.

Phonometrics filed suit against Hospitality on November 17, 1994 alleging infringement of U.S. Patent No. 3,769,463 ("the '463 patent") relating to an apparatus for automatically computing and recording the cost of a long-distance telephone call.

The '463 patent expired on October 30, 1990, thus leaving only the period between November 17, 1988 and October 30, 1990 at issue in the litigation due to the six year statute of limitations in patent cases. 35 U.S.C. § 286 (2000) (precluding recovery for infringement more than six years prior to the filing of the complaint or counterclaim). During this time period, Hospitality franchised hotels but did not own, lease, operate, or manage any hotels or motels. Phonometrics' amended complaint contains no allegations with respect to franchisees of Hospitality.

The '463 patent contains a single independent claim, claim 1. Our prior decision in Intellicall, Inc. v. Phonometrics, Inc., 952 F.2d 1384, 1387-88 (Fed. Cir. 1992), held that the "digital display" recited in claim 1 of the '463 patent did not encompass machine readable information, but instead required a visual display. Similarly, our decision in Phonometrics, Inc. v. Northern Telecom Inc., 133 F.3d 1459, 1464-67 (Fed. Cir. 1998), construed claim 1 of the '463 patent to require a "call cost register means which functions both to provide accurate cost information while the call progresses as well as total cost information once the call has ended."

On January 16, 2004, Hospitality moved for summary judgment of non-infringement based in part on three statements. In a separate case assigned to the same district judge, Phonometrics' CEO, Lawrence Reich, testified that he was unaware of any hotel using a telephone system that displays the cost of a long-distance call as it was taking place. Similarly, Phonometrics' counsel stated, in open court in another case involving the '463 patent, that the defendants did not use the claimed invention. Additionally, Hospitality's vice president and most knowledgeable employee regarding such matters testified under oath that he was not aware of any such telephone system

in any of Hospitality's franchisees' hotels or motels.  On March 3, 2004, the district court granted Hospitality's motion for summary judgment of non-infringement and entered final judgment the same day.

Phonometrics timely appealed.  We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## ANALYSIS

When reviewing summary judgment motions, we apply the law of the regional circuit.  Chamberlain Group, Inc. v. Skylink Techs., Inc., 381 F.3d 1178, 1191 (Fed. Cir. 2004).  We review the grant of summary judgment de novo, reapplying the summary judgment standard that the district court employed.  O'Ferrell v. United States, 253 F.3d 1257, 1265 (11th Cir. 2001).  Because questions regarding the scope or extent of discovery are not generally unique to patent law, we apply the law of the regional circuit.  See Dorf & Stanton Communications, Inc. v. Molson Breweries, 100 F.3d 919, 922 (Fed. Cir. 1996) ("Because an order compelling discovery is not unique to patent law, we agree that Second Circuit law must be considered for the proper standard of review.").  In that regard, the Eleventh Circuit applies an abuse of discretion standard to the grant or denial of a continuance for discovery.  In re Piper Aircraft Corp., 362 F.3d 736, 738 (11th Cir. 2004).

On appeal, Phonometrics first argues that the district court abused its discretion in denying a continuance under Rule 56(f) for Phonometrics to conduct discovery into the types of phone systems used by Hospitality franchisees.  Hospitality responds by arguing:  (1) that Phonometrics abandoned or waived this argument by failing to support its contention under Federal Rule of Appellate Procedure 28(a)(9)(A); (2) that the district

court did not abuse its discretion because Phonometrics made no effort to depose Shuler or any Rule 30(b)(6) representative of Hospitality prior to the motion for summary judgment; (3) that the district court did not abuse its discretion because Phonometrics' admissions established that there was no infringement; and (4) that even if further discovery established that a franchisee had infringed, Hospitality would not be liable for that infringement. Regarding this issue, the district court said, "The Court declines to re-open discovery for this purpose. This action was filed in 1994, and Plaintiff has had ample time to serve discovery requests on Defendant. Furthermore, Plaintiff's CEO has admitted that he is unaware of any hotel that uses telephone equipment that infringes the '463 Patent." Phonometrics, Inc. v. Hospitality Int'l, Inc., No. 94-7107-CIV, slip op. at 7 (S.D. Fla. Mar. 3, 2004).

Rule 56(f) governs additional discovery in the face of a motion for summary judgment. That rule states:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f). Phonometrics sought a continuance to allow it to depose Shuler to determine whether Hospitality used equipment that it regarded as infringing. It appears from the docket sheet that Phonometrics had around two years to conduct discovery in this case. No discovery requests or interrogatories are in the record. It is unclear whether Phonometrics conducted any discovery whatsoever during that time. Further, although Phonometrics alleges that Hospitality is the sole party with knowledge of infringement, that contention is frivolous for numerous reasons. First, during the ten-

04-1318                                    4

year pendency of this lawsuit, even during the periods when the lawsuit was stayed, Phonometrics was free to stay in hotel rooms of Hospitality franchisees to determine whether long-distance call cost was displayed on a digital display as required by claim 1 of the '463 patent. Second, during the approximately two years of live pendency of the lawsuit, Phonometrics was free to issue subpoenas to franchisees of Hospitality to determine what types of phone systems were in use and whether Hospitality was responsible for such use. Third, the most obvious, Phonometrics could have deposed Shuler or noticed a Rule 30(b)(6) deposition to determine what Hospitality knew. Apparently, Phonometrics did none of these things, nor did it conduct any other discovery that might have generated evidence on this issue. Phonometrics now complains that Hospitality failed to comply with its Rule 26 mandatory disclosures. While Phonometrics filed a motion to compel on this basis before the district court while the case was stayed, it is unclear why it waited until 2001 to do so. Phonometrics has shown no abuse of discretion in the district court's denial of its motion for a continuance. Because we conclude that the district court did not abuse its discretion, there is no need to reach Hospitality's remaining arguments.

Phonometrics next argues that the district court erred in granting summary judgment in the absence of an affidavit in the form required by Rule 56(c) showing that there was no genuine issue of material fact as to infringement. In summary fashion, Phonometrics states, "The Affidavit of Shuler fails to comply with Rule 56(c), and cannot support the grant of the motion." Phonometrics' statement of the issue provides a little more guidance in its indication that the affidavit failed to show "affirmatively that there is no genuine issue of material fact as to whether Hospitality infringed claim 1 of the

patent." Thus, Phonometrics apparently contests Hospitality's initial showing. However, even in the context of a motion for summary judgment, Hospitality had no evidentiary burden. It merely needed to show that Phonometrics had no evidence of infringement to show that there was no genuine dispute of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) ("[W]e find no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim."). Hospitality provided an affidavit stating that it neither owned nor controlled hotels or motels during the relevant time period and that it was unaware of any of its franchisees using infringing telephone systems. Thus, Hospitality met its required initial showing. Given that Phonometrics has provided nothing but argument and speculation in response, Phonometrics' argument must fail.

Phonometrics contends that the district court erred in taking judicial notice of facts in another case as proof that Hospitality did not infringe. The district court cited Federal Rule of Evidence 201(b) in taking judicial notice of Phonometrics' CEO's and counsel's statements that it was not aware of any infringing phone systems. Phonometrics contests the use of Rule 201(b), arguing that Rule 201(b) has no application to the deposition of a Phonometrics' witness in other cases or to the oral argument of counsel for Phonometrics in other cases. Federal Rule of Evidence 201 states:

> (a) Scope of rule. This rule governs only judicial notice of adjudicative facts.
> (b) Kinds of facts. A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

Phonometrics argues that Rule 201(a) limits the application of Rule 201(b) to "adjudicative facts," which it argues does not include infringement in this case. Phonometrics reasons that its CEO and its counsel are not the proper sources for determining whether Hospitality infringes and cannot establish non-infringement. Thus, Phonometrics concludes that the district court erred in concluding that non-infringement is indisputable as required by the Rule based upon their statements. Phonometrics, however, misses the point. The district court did not conclude that non-infringement was indisputable from the statements. Rather, the district court merely recognized that the transcripts of prior court proceedings were sources "whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Indeed, Phonometrics does not question the accuracy of the statements.

Phonometrics' argument that evidence related to infringement could not come from its own employees and counsel misses the point. Its own statements reflect that it has no evidence of infringement. The important question in a summary judgment motion is whether there is a disputed issue of material fact. Phonometrics must have something more than conjecture and speculation to create a disputed issue of material fact. Thus, Phonometrics has shown no error in the district court's taking judicial notice of the statements, nor has it shown error in the district court's use of those statements in granting summary judgment to Hospitality.

Finally, Phonometrics argues that the district court violated its Seventh Amendment right to a jury trial on infringement. Phonometrics presented this issue in its brief but offered no substantive argument on the point other than the following sentence: "The Seventh Amendment guarantees the right to a trial by jury." Phonometrics'

04-1318                                    7

argument has absolutely no merit because the grant of summary judgment does not violate the Seventh Amendment.  See Fidelity & Deposit Co. of Md. v. United States, 187 U.S. 315, 319-21 (1902).

Because the district court did not abuse its discretion in denying Phonometrics' motion for a continuance and did not err in holding that there was no genuine issue of material fact precluding summary judgment of non-infringement, we affirm.