IN THE SUPREME COURT
OF THE VIRGIN ISLANDS

**FILED**

January 10, 2024 09:27 AM
SCT-Civ-2021-0011
VERONICA HANDY, ESQUIRE
CLERK OF THE COURT

**For Publication**

# IN THE SUPREME COURT OF THE VIRGIN ISLANDS

| | |
|---|---|
| **JALANI WILLIAMS,**<br>Appellant/Petitioner,<br><br>v.<br><br>**PEOPLE OF THE VIRGIN ISLANDS;**<br>**WYNNIE TESTAMARK, DIRECTOR of**<br>**the VIRGIN ISLANDS BUREAU OF**<br>**CORRECTIONS,**<br>Appellees/Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **S. Ct. Civ. No. 2021-0011**<br>Re: Super. Ct. Crim. No. 55/2020 (STX) |

On Appeal from the Superior Court of the Virgin Islands
Division of St. Croix
Superior Court Judge: Hon. Douglas A. Brady

Argued: December 14, 2021
Filed: January 10, 2024

Cite as: 2024 V.I. 2

**BEFORE:** **RHYS S. HODGE,** Chief Justice; **MARIA CABRET,** Associate Justice, and **IVE ARLINGTON SWAN,** Associate Justice.

**APPEARANCES:**

**Martial A. Webster, Sr., Esq.**
Law Office of Martial A. Webster
St. Croix, U.S.V.I.
        *Attorney for Appellant,*

**Kenneth Case, Esq.**
Assistant Attorney General
St. Thomas, U.S.V.I.
        *Attorney for Appellee.*

*Williams v. Bureau of Corrections*
S. Ct. Civ. No. 2021-0011
Opinion of the Court
Page 2 of 17

2024 V.I. 2

## OPINION OF THE COURT

**SWAN, Associate Justice.**

¶1     Jalani Williams appeals the Superior Court's denial of his petition for a writ of habeas corpus. The petition alleged newly discovered evidence and ineffective assistance of counsel as grounds for habeas relief from Williams' numerous felony convictions. For the reasons elucidated below, we affirm the judgment of the Superior Court.

### I.     FACTS AND PROCEDURAL HISTORY

¶2     On August 2, 2009, Jalani Williams ("Williams") shot Almanzo Williams ("A. Williams") at Gertrude's Restaurant in St. Croix, U.S. Virgin Islands. After fleeing the scene, Williams was eventually arrested and charged with numerous crimes including the first-degree murder of A. Williams, who ultimately succumbed to his gun shot injuries.

¶3     On May 17, 2012, the Superior Court sentenced Williams on multiple counts, including first degree murder, following a week-long jury trial. On the first-degree murder conviction, the court imposed the statutory sentence of life imprisonment without parole. Subsequently, Williams appealed.

¶4     In a November 5, 2013 opinion, this Court affirmed all of Williams' convictions, but remanded the matter for resentencing on the first degree murder conviction pursuant to the U. S. Supreme Court's holding in *Miller v. Alabama*, 567 U.S. 460 (2012), in which the High Court concluded that mandatory life imprisonment for juvenile offenders violated the Eighth Amendment prohibition against cruel and unusual punishment. Williams was sixteen years old

*Williams v. Bureau of Corrections*                    2024 V.I. 2
S. Ct. Civ. No. 2021-0011
Opinion of the Court
Page 3 of 17

when he perpetrated the crimes for which he was convicted. *Williams v. People*, 59 V.I. 1024, 1042 (V.I. 2013).

¶5    On remand, the Superior Court sentenced Williams on December 23, 2014 to life imprisonment with the possibility of parole for the first degree murder charge.

¶6    In a May 12, 2016 opinion, this Court affirmed the Superior Court's imposition of a life sentence with the possibility of parole for Williams' first degree murder conviction. *Williams v. People*, 64 V.I. 618, 626 (V.I. 2016).

¶7    On September 12, 2017, Williams filed his first petition for a writ of habeas corpus, which the Superior Court denied in a January 23, 2019 opinion.

¶8    On July 14, 2020, Williams filed a second petition for a writ of habeas corpus, on different grounds, which the Superior Court denied in a March 18, 2021 opinion. In its opinion, the Superior Court opined that Williams failed to provide sufficient facts to establish either the existence of cognizable newly discovered evidence or ineffective assistance of counsel.

¶9    On April 19, 2021, Williams perfected the instant appeal.

## II.    JURISDICTION

¶ 10    "The Supreme Court [has] jurisdiction over all appeals arising from final judgments, final decrees, and final orders of the Superior Court." 4 V.I.C. § 32(a). "An order that disposes of all claims submitted to the Superior Court is considered final for the purposes of appeal." *Jung v. Ruiz*, 59 V.I. 1050, 1057 (V.I. 2013) (citing *Matthew v. Herman*, 56 V.I. 674, 677 (V.I. 2012)). Similarly, "an order denying a petition for a writ of habeas corpus is a final order . . . from which an appeal may lie." *Suarez v. Gov't of the V.I.*, 56 V.I. 754, 758 (V.I. 2012). Because the Superior

*Williams v. Bureau of Corrections*
S. Ct. Civ. No. 2021-0011
Opinion of the Court
Page 4 of 17

2024 V.I. 2

Court's March 18, 2021 order denying Williams' petition for a writ of habeas corpus disposed of all claims submitted for adjudication, the order is final, and, we exercise jurisdiction over his appeal.[1]

## III.  STANDARD OF REVIEW

¶11    We review the trial court's factual findings for clear error and exercise plenary review over its legal determinations. *Thomas v. People*, 63 V.I. 595, 602-03 (V.I. 2015) (citing *Simmonds v. People*, 53 V.I. 549, 555 (V.I. 2010)). Moreover, we exercise "plenary review over the dismissal of a habeas corpus petition." *Rivera-Moreno v. Gov't. of the V.I.*, 61 V.I. 279, 293 (V.I. 2014).

---

[1] In this case, the habeas corpus petition filed in the Superior Court was erroneous because it named the People of the Virgin Islands as a custodial respondent. Typically, a writ of habeas corpus is properly directed to the government authorities, facilities, and individuals that are responsible for detaining the petitioner in prison at the time the writ is filed. The People were responsible for prosecuting Williams and enforcing territorial criminal laws against him once it was established that he violated them. Consequently, the People are not responsible for detaining Williams in prison. Rather, the Virgin Islands Government, through the Bureau of Corrections, is principally responsible for his detention. However, Williams' habeas corpus petition also named as a respondent Wynnie Testamark, the Director of the Virgin Islands Bureau of Corrections. Under our precedents, the petition achieved substantial compliance with 5 V.I.C. § 1302 and V.I. H.C.R. 2(a)(3)(B) ("The petition shall comply with the following requirements: (1) [i]t shall specify . . . the officer or person by whom . . . he is . . . confined or restrained, naming all the parties, if they are known, or describing them, if they are not known."). *See Rivera-Moreno v. Gov't of the V.I.*, 61 V.I. 279, 300 (V.I. 2014). Importantly, the petition ultimately resulted in a proper custodial respondent, the V.I. Bureau of Corrections, being before the Superior Court. Additionally, the Bureau of Corrections participated in the proceedings in which the petition was thoughtfully considered and ultimately denied. Although the notice of appeal in this case also incorrectly names the People of the Virgin Islands as an appellee — presumably based on the caption of the petition and of the Superior Court's order denying it — the notice of appeal correctly includes the Director of the Virgin Islands Bureau of Corrections as a custodial respondent. It thus achieves substantial compliance with 5 V.I.C. § 1302 and V.I. H.C.R. 2(a)(3)(B). *Rivera-Moreno*, 61 V.I. at 300. We therefore exercise our discretion to hear this appeal, despite the errors in naming the People as a custodial respondent in both the petition and the notice of appeal. *See* V.I. H.C.R. 1(f) (mandating that "[t]hese rules are to be interpreted to provide for the just determination of every habeas corpus proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay"). However, we take this opportunity to admonish that a petition for habeas corpus, and a notice of appeal seeking relief from the denial of such a petition, must name proper parties for either the Superior Court or this Court to have jurisdiction over the petition and any ensuing appeal. These procedural obligations must be acknowledged and satisfied by the habeas petitioner. *See Nunez v. Gov't of the V.I.*, No. ST-12-CV-621, 2013 WL 946447, at *4-5 (V.I. Super. Ct. Mar. 6, 2013) (unpublished) (habeas petitioner "bears the burden of proving all facts entitling him to a discharge from custody, including not only the substantive elements of a petitioner's claim, but also the procedural requisites that entitle him to relief as well") (citing *Brown v. Cuyler*, 669 F.2d 155, 158 (3d Cir. 1982)). Failure to name a proper party in the petition or the notice of appeal, particularly when doing so results in a custodial respondent not being given adequate notice to enable its participation in the proceedings, may ultimately prove fatal in a future case.

*Williams v. Bureau of Corrections*
S. Ct. Civ. No. 2021-0011
Opinion of the Court
Page 5 of 17

2024 V.I. 2

## IV.    DISCUSSION

¶12    In his appellate brief, Williams admits that the Superior Court must first assess whether a habeas corpus petitioner presents a prima facie case for habeas corpus relief by evaluating the facts the petitioner provides which supposedly warrant relief from the petitioner's detention. Appellant's Br. 11. However, Williams contends that the Superior Court erred when it engaged in this fact intensive analysis because it failed to accept his allegations as true and issue the writ according to the statute if the writ was not procedurally barred. Appellant's Br. 12. Essentially, Williams claims that the Superior Court sought only to disprove of his assertions, without acknowledging their veracity. *Id.* Thus, Williams alleges that the Superior Court subverted the local habeas corpus statute in order to perpetuate his unjustified incarceration.

¶13    We commence the analysis with a review of the territory's habeas corpus rules, which became effective December 1, 2017, and therefore applied to the Superior Court's proceeding now under appellate review. In the Virgin Islands, the habeas corpus process is governed by V.I. H.C.R.

*Williams v. Bureau of Corrections*
S. Ct. Civ. No. 2021-0011
Opinion of the Court
Page 6 of 17

2024 V.I. 2

2[2, 3] and 5 V.I.C. §§ 1301-1325. Substantively, the rules entitle any person who claims to be unlawfully detained to file a habeas corpus petition in order to have investigated the causes of the person's supposedly unlawful detention. *Rivera-Moreno* 61 V.I. 279 at 311-13. To seek habeas relief, a petitioner must file a written document with the Superior Court that contains specific details of the original case and specific facts that support the petitioner's contentions that he is wrongfully detained. V.I. H.C.R 2(a)(2) and (a)(4) ("The petition . . . must separately state the facts that support each of the claims.").

---

[2] "Petition form and content. (1) Availability. Any person who believes he or she is unlawfully imprisoned or detained in custody, or confined under unlawful conditions, may file a petition for a writ of habeas corpus to seek review of the legality of that imprisonment or detention. (2) Format. Applications for writ of habeas corpus shall be made in a written petition which is dated, and must be signed under oath by the party seeking relief or, if authorized by law, by someone on that party's behalf . . . .(3) Content. In Compliance with 5 V.I.C. § 1302, the petition must: (A) specify that the person on whose behalf the writ is sought is imprisoned or restrained of his liberty; (B) identify the officer or person by whom, and the place where, the petitioner is confined or restrained, naming all the parties, if they are known, or describing them, if they are not known; and (C) list all of the following: (i) name and location of court that entered the judgment of conviction or order of detention being challenged; (ii) criminal docket or case number of that proceeding (if known); (iii) date of the judgment of conviction or other order of detention (if known); (iv) whether in that proceeding the petitioner pled not guilty, guilty, nolo contendere (no contest), or an insanity plea. If there were multiple charges and different pleas to the various charges, specify the plea for each count or charge. (iv) date of sentencing as well as the length and terms of the sentence imposed; (v) name(s) of all crimes of which the petitioner was convicted in the judgment of conviction being challenged; (vi) date of the judgment of conviction or order of detention; and (vii) date and docket number (if known) of each appeal and of each appellate decision relating to these charges. (4) Statement of grounds and supporting facts. The petition shall set forth separately each ground on which the imprisonment or detention is alleged to be illegal, and shall state the specific facts supporting each ground. The petition need not argue or cite law, but it must separately state the facts that support each of the claims." V.I. H.C.R. 2(a)(1)-(a)(4).

[3] "Preliminary consideration by the court. (1) Consideration by the court. When presented with a petition for a writ of habeas corpus, within the period(s) specified in this Rule the Superior Court must first determine whether the petition states a prima facie case for relief — that is, whether it states facts that, if true, would entitle the petitioner to discharge or other relief — and, in its discretion, may also determine, after providing the petitioner with reasonable notice and a right to be heard, whether the stated claims are for any reason procedurally or substantively barred as a matter of law. (2) Grounds for relief. A petitioner may be awarded a discharge – or another form of redress, such as a new sentencing hearing, that remedies the violation alleged – if any of the seven conditions set forth in 5 V.I.C. § 1314 are met, or if relief is warranted to remedy a constitutional or statutory violation, even if the right to that remedy is not expressly set forth in a statute. . . . (4) Denial of a petition at the preliminary consideration stage. If the court determines that the petition does not state a prima facie case for relief, or that the claims are all barred as a matter of law, the court shall enter an order denying the petition without further proceedings. Where the court requests submission of records in an informal response as provided in subpart (c) of this Rule, the submitted records may also be considered in determining whether the petition states a prima facie case for relief, or whether all claims are barred as a matter of law." V.I. H.C.R. 2(b)(1)-(b)(2), and (b)(4).

*Williams v. Bureau of Corrections*          2024 V.I. 2
S. Ct. Civ. No. 2021-0011
Opinion of the Court
Page 7 of 17

¶14     Once a habeas petition is received, the Superior Court must first establish that the petitioner has demonstrated a prima facie case for habeas corpus relief. Essentially, the court evaluates the facts in the petition that alleged illegality the petitioner to relief and, if relief would be warranted if the averments were true, the court issues the writ, provided it is not procedurally barred. If the court determines that the petition fails to state a prima facie case, the court enters an order denying petitioner's petition for a writ of habeas corpus. V.I. H.C.R. 2(b)(4).

¶15     Apparently, the crux of Williams' appeal centers on whether the Superior Court was compelled to issue the writ if his allegations were taken as true and the writ was not procedurally barred. This contention fails because the court is not obligated to automatically issue a writ of habeas corpus simply because a petitioner files a habeas petition asserting facts the petitioner claims are truthful. Rather, the court must test the sufficiency of facts in the petition and compare them with applicable law to ascertain whether the petition establishes a prima facie showing. Here, the Superior Court appraised the allegations in Williams' petition and determined them to be either deficient or unsubstantiated according to the trial record. We agree. *See Dorsey v. Gill*, 148 F.2d 857, 869 (D.C. Cir. 1945) (noting that a writ of habeas corpus petition fails if it does not demonstrate, among other things, the allegedly illegality of restraint with pertinent facts, exhibits, or the trial record so the court can make an intelligent judgment); *United States ex rel. Darrah v. Brierley*, 290 F.Supp. 960, 963 (E.D. Penn. 1968) (noting that petitioner bears the burden of bringing forth sufficient evidence to establish a prima facie case before the court is required to accept his allegations as true); *Greco v. Workman*, 481 F.Supp. 481, 484 (D. Mass. 1979) (explaining the court's denial of petitioner's writ of habeas corpus petition because he failed to make a prima facie showing, despite the petitioner submitting supporting affidavits and even if the

*Williams v. Bureau of Corrections*    2024 V.I. 2
S. Ct. Civ. No. 2021-0011
Opinion of the Court
Page 8 of 17

court accepted all petitioner's allegations as true); *United States ex rel. Guber v. Koson*, 273 F.Supp. 998, 1000 (S.D.N.Y. 1967) (explaining that bare legal allegations unsupported by statement of sworn facts will not suffice to support a prima facie showing for a writ of habeas corpus).

¶16    Here, Williams asserts two grounds for habeas corpus relief: ineffective assistance of counsel and newly discovered evidence. We address each argument in turn.

¶17    Regarding the claim of ineffective assistance of counsel, Williams argues in his brief that his trial counsel's performance was deficient because he failed to object at trial to the admission of the prior inconsistent statements of two witnesses. Appellant's Brief 13. Interestingly, for the first time in the present proceeding, Williams identifies the witnesses as Arkiesa and Lynell Hughes. *Id*. However, in the petition for habeas corpus relief, Williams failed to name the witnesses, but intimated that his trial counsel's failure to object to the admission of their prior inconsistent statements[4] constituted a conflict of interest that infringed upon his constitutional rights, because Williams instructed his trial counsel to dispute the admission of the statements. J.A. 16-18. Finally, although he fails to provide a foundation for the proposition, Williams concludes that his trial counsel's omission precluded his entitlement to a new trial. J.A.16.

¶18    To prevail on a claim of ineffective assistance of counsel, a petitioner "must demonstrate that counsel's performance fell below an objective standard of reasonableness and that counsel's performance prejudiced him resulting in an unreliable and fundamentally unfair outcome in the

---

[4] "A statement that meets the following conditions is not hearsay: (1) A Declarant-Witness's Prior Statement. The declarant testifies and is subject to cross-examination about a prior statement, and the statement: (A) is inconsistent with the declarant's testimony and was given under penalty of perjury at a trial, hearing, or other proceeding or in a deposition[.]" V.I. R. EVID. 801(d)(1)(A).

*Williams v. Bureau of Corrections*
S. Ct. Civ. No. 2021-0011
Opinion of the Court
Page 9 of 17

2024 V.I. 2

proceeding." *Blyden v. Gov't of the V.I.*, 64 V.I. 367, 381 (V.I. 2016) (citations and internal quotations omitted); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984) ("A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable."). Importantly, the court provides counsel with a "strong presumption that [his] conduct falls within the wide range of reasonable professional assistance . . . [Thus,] the defendant must overcome the presumption that, under the circumstances, the challenged action might have been sound trial strategy." *United States v. Thomas*, 772 F.Supp.2d 164, 168 (D. D.C. 2011). Moreover, a court determines an attorney's performance is deficient if "'counsel made errors so serious that [he] was not functioning as the 'counsel' guaranteed by the Sixth Amendment.'" *United States v. Metaxas*, 449 F.Supp.3d 24, 28 (E.D.N.Y. 2020) (citations omitted). *See Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) ("[To establish deficient performance, a defendant must demonstrate] that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. . . . The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential."). Similarly, a court concludes prejudice to the defendant exists based on counsel's ineffectiveness, if there is a reasonable

*Williams v. Bureau of Corrections*
S. Ct. Civ. No. 2021-0011
Opinion of the Court
Page 10 of 17

2024 V.I. 2

probability that the trial's outcome might have been different but for counsel's legal errors. *Id.* (citations omitted). However, "[f]ailure to make the required showing [on] either [the] deficient performance or sufficient prejudice [prongs] defeats the ineffectiveness claim." *Thomas*, 722 F.Supp.2d at 168 (citations omitted). *See Woodrup v. Gov't of the V.I.*, No. ST-16-MC-47, 2018 WL 3099143, at *4 (V.I. Super. June 20, 2018) (unpublished) ("[A] court's 'scrutiny of counsel's performance must be highly deferential. . . . Consequently, proving ineffective assistance of counsel 'presents a high bar.'") (citations omitted); *Buck v. United States*, No. 3:18-CV-01245-B (BT) and No. 3:14-cr-00354-B-1, 2020 WL 7753712, at *3 (N.D. Tex. Nov. 20, 2020) (unpublished) ("[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong. Rather, the defendant must demonstrate the prejudice rendered sentencing 'fundamentally unfair or unreliable.'") (citations omitted); *Eze v. Senkowski*, 321 F.3d 110, 136 (2nd Cir. 2003) (noting that acts or omissions based on a sound strategy will not support ineffective assistance of counsel claims); *Yarborough v. Gentry*, 540 U.S. 1, 8 (2003) ("The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight."); *United States v. Rosemond*, 958 F.3d 111, 123 (2d Cir. 2020) (explaining that counsel's decision to concede an element of the charged crime was a reasonable strategy); *United States v. Scripps*, 961 F.3d 626, 633-34 (3rd Cir. 2020) (explaining that counsel's decision not to appeal cannot be deemed deficient without knowing if it was strategic).

¶19 Here, Williams challenges his trial attorney's failure to object to the admission of the prior inconsistent statements of two witnesses who were never identified in his initial habeas corpus petition. Williams contends that this omission by his trial counsel amounted to a conflict of interest that resulted in a violation of his Sixth Amendment right to effective assistance of counsel and his

*Williams v. Bureau of Corrections*    2024 V.I. 2
S. Ct. Civ. No. 2021-0011
Opinion of the Court
Page 11 of 17

Fourteenth Amendment right to due process and prevented him from obtaining the new trial to which he was entitled. J.A. 16. [5]

¶20    However, Williams' allegations fail to comprehend that evidence adduced at trial is assessed under a totality of the circumstances pursuant to the United States Supreme Court's ruling in *Strickland*, 466 U.S. at 694. *Gov't of the V.I. v. Jacobs*, 22 V.I. 267, 278 (D.V.I. 1986). Essentially, if counsel's conduct, even if deficient, did not prejudice him, a petitioner's ineffectiveness claim must fail. *Malcom v. Houston*, No. 4:04CV3243, WL 3780541, at *2 (D. Neb. Dec. 21, 2006) (unpublished). *See Turner v. United States*, 699 F.3d 578, 584 (1st Cir. 2012) (explaining that the court need not address the objective reasonableness prong where the petitioner fails to demonstrate prejudice); *Garner v. Lee*, 908 F.3d 845, 849 (2d Cir. 2018) (same); *Vickers v. Superintendent Graterford SCI*, 858 F.3d 841, 857-58 (3d Cir. 2017) (explaining that a petitioner's ineffective assistance claim was dismissed when he could not demonstrate prejudice despite demonstrating that counsel's performance was unreasonable); *Hope v. Cartledge*, 857 F.3d 518, 523-26 (4th Cir. 2017) (noting that petitioner's ineffective assistance claim was dismissed when trial counsel's deficiency did not result in prejudice); *Smith v. Baker*, 983 F.3d 383, 398-99 (9th Cir. 2020) (explaining that ineffective assistance claim dismissed when counsel's

---

[5] Williams asserts that his trial counsel had a conflict of interest presumably because trial counsel failed to object to the admission of prior witness statements that were allegedly inconsistent despite Williams' instructions to object to the admission of those statements. "The *Strickland* Court recognized that a claim of ineffective assistance of counsel arising from counsel's conflict of interest presents a special case subject to the standard articulated by *Cuyler v. Sullivan*, 446 U.S. 335 (1980). To establish ineffective assistance of counsel on conflict of interest grounds, a petitioner must establish that (1) his attorney labored under an actual conflict of interest that (2) adversely affected his lawyer's performance. After a petitioner satisfies this two part test, prejudice is presumed. . . . An actual conflict of interest arises 'when a defense attorney places himself in a situation inherently conducive to divided loyalties . . . If a defense attorney owes duties to a party whose interests are adverse to those of the defendant, then an actual conflict exists.'" *Whelchel v. Bazzle*, 489 F.Supp.2d 523, 534-35 (D. S.C. 2006). In this case, Williams fails to identify a party to whom his trial counsel had loyalties that were adverse to Williams' interests. Accordingly, we find that no conflict of interest has been demonstrated here and evaluate Williams' ineffective assistance of counsel claim pursuant to the general two-part *Strickland* test that entails counsel's deficient performance and prejudice to petitioner because of counsel's deficient performance.

*Williams v. Bureau of Corrections*     2024 V.I. 2
S. Ct. Civ. No. 2021-0011
Opinion of the Court
Page 12 of 17

performance was deficient but not prejudicial); *Monroe v. Warden, Ohio State Penitentiary*, No. 2:07-CV-258, 2016 WL 3165946, at *6 (S.D. Ohio June 7, 2016) (unpublished); *Janoushek v. Watkins*, Civil No. 02-CV-000988-REB-MJW, 2007 WL 2316952, at *4 (D. Colo. Aug. 9, 2007) (unpublished) ("[A]ny prejudice accruing from prosecutorial misconduct [during closing arguments] was [extinguished] effectively by the jury instruction admonishing the jury that closing argument of counsel was not evidence and by other trial evidence permitting a reasonable inference that the petitioner struck the victim with the gun before shooting her . . . Trial counsel's failure to object cannot be said to have prejudiced petitioner to the extent required under *Strickland*.")

¶21     Here, along with the challenged admissions, the People presented ample evidence that warranted the jury finding Williams guilty of numerous crimes, including first degree murder beyond a reasonable doubt. Specifically, the jury also considered physical evidence including the guns Williams possessed when he was arrested following a high-speed chase from the crime scene, and the bullet casings recovered from the crime scene that matched at least one of the guns Williams possessed at the time of his arrest. J.A. 26. Furthermore, numerous witnesses testified at Williams' trial and the jury was free to consider their testimony.[6] J.A. 66. *See Wallace v. People*, 71 V.I. 703, 714 (V.I. 2019) ("[T]he testimony of one witness is sufficient to prove any fact [and

---

[6]Although we acknowledge that Williams did not provide trial transcripts to indicate the quantity of witnesses who testified at the proceeding below, we have previously recognized that it was a multiple day trial in which several witnesses testified. *See Williams*, 59 V.I. at 1028-31. Moreover, to support his habeas corpus petition, Williams submitted Joh Williams' affidavit which stated the People presented witness testimony at trial. Accordingly, we take judicial notice that the People presented numerous trial witnesses whose testimony the jury had latitude to evaluate. V.I. R. EVID. 201(c)(1) (a Virgin Islands court "may take judicial notice on its own"); V.I. R. EVID. 201(d) (court may take judicial notice "at any stage of the proceeding"); *Codrington v. Gov't of the V.I.*, 2016 WL 6948761, at *3 n.9 (V.I. Super. Ct. Nov. 18, 2016) (unpublished) ("A court will take judicial notice of its own acts and records in the same case, of facts established in prior proceedings in the same case, of the authenticity of its own records of another case between the same parties, of the files of related cases in the same court, and of public records on file in the same court." (quoting *Gottsch v. Bank of Stapleton*, 458 N.W.2d 443, 455 (Neb. 1990)); *Moore v. Walters*, 61 V.I. 502, 505 n.2 (V.I. 2014) (court does not err in taking judicial notice of transcripts of prior court proceedings because those transcripts were sources "whose accuracy cannot reasonably be questioned" within the intendment of Rule 201(b) (citing *Phonometrics, Inc. v. Hospitality Int'l, Inc.*, 120 Fed. Appx. 341, 345 (Fed. Cir. 2005)).

*Williams v. Bureau of Corrections*    2024 V.I. 2
S. Ct. Civ. No. 2021-0011
Opinion of the Court
Page 13 of 17

a] conviction may be sustained on the testimony of single witness or victim even when other witnesses testify to the contrary.") (citations omitted); *United States v. Seary-Colon*, 997 F.3d 1, 13 (1st Cir. 2021) (recognizing that the jury was free to consider witness testimony); *United States v. Ramirez-Martinez*, 6 F.4th 859, 868 (8th Cir. 2021) ("A jury is free to believe or reject a witness's testimony in part or in whole.") (citations omitted); *United States v. Gaona-Lopez*, 408 F.3d 500, 505 (8th Cir. 2005) ("The jury is free to believe the testimony of any witness in its entirety, or to reject that testimony as untrustworthy.") (citations omitted).

¶22    Finally, Williams fails to identify how trial counsel's failure to object to the admission of the now-challenged statements precluded his ability to obtain a new trial to which he was allegedly entitled. *See Craft v. Hetzel*, No. 5:11-CV-00175-HGD, 2012 WL 3259672, at *7 (N.D. Ala. July 18, 2012) (unpublished) (finding that petitioner offered insufficient evidence to establish a prima facie case for an ineffective assistance of counsel claim because his trial counsel did not object to the admission of DNA evidence); *United States v. Escobar*, No. 90C4047 and No. 87CR356-1, 1991 WL 94531, at *3 (N.D. Ill. May 29, 1991) (unpublished); *Fazel v. United States*, No. 1:17-cr-14, 2018 WL 8996387, at *5 (E.D. Va. July 18, 2018) (unpublished) ("Petitioner alleges that his attorney offered ineffective assistance by failing to object to inclusion of victims in the final [Pre-Sentencing Investigation Report]. However, Petitioner fails to do more than make the mere assertion that his attorney's failure to object constituted ineffective assistance. Plaintiff does not allege reasons to support the notion that there is a 'reasonable probability' that such objections would have been successful nor does he even allege which victims in particular he believes were incorrectly added. . . . With these mere assertions alone, Petitioner fails to prove "that [his] counsel's performance was deficient and that the deficiency prejudiced the defense."). Undeniably,

*Williams v. Bureau of Corrections*
S. Ct. Civ. No. 2021-0011
Opinion of the Court
Page 14 of 17

2024 V.I. 2

Williams does not offer sufficient proof concerning the prejudice he allegedly sustained from his trial counsel's failure to object to the admission of the alleged prior inconsistent statements of two witnesses. Rather, the trial record substantiates ample evidence from which a reasonable jury could have determined that Williams committed the crimes for which he was convicted. Therefore, we conclude that the failure of Williams' trial counsel to object to the admission of the allegedly prior inconsistent statements of two witnesses did not prejudice Williams in a manner warranting habeas corpus relief. Accordingly, Williams' ineffective of counsel claim fails.

¶23     Moreover, although we conclude that trial counsel's failure to object to the admission of the allegedly prior inconsistent statements of these specific witnesses did not prejudice Williams and that ruling defeats Williams' ineffectiveness claim, we also find trial counsel's failure to object to the admission of the statements did not constitute deficient performance.

¶24     Assuming, arguendo that trial counsel had objected to the admission of the statements, the court could have overruled counsel's objection.[7] Following the court's permission to admit the statements, the jury was free to consider them during deliberations. *See Abu-Ali v. United States*, No. 1:05-cr-00053-GBL and No. 1:12-cv-00474-GBL, 2013 WL 5797855, at *3 (E.D. Va. Oct. 28, 2013) (unpublished) ("Trial counsel does not provide ineffective assistance for failure to object when the objection would have been overruled and the evidence was otherwise admissible."); *Nowicki v. Cunningham*, No. 09 Civ. 8476(KMK)(GAY), 2011 WL 12522139, at *8 (S.D.N.Y. Mar. 30, 2011) (unpublished) ("Counsel's decision to object to evidence falls squarely within the ambit of trial strategy. Accordingly, a strategically sound decision to withhold an objection will

---

[7] Notably, counsels for Williams' co-defendants objected to the admission of the prior inconsistent statements and the court overruled their objections. J.A. 65.

*Williams v. Bureau of Corrections*                     2024 V.I. 2
S. Ct. Civ. No. 2021-0011
Opinion of the Court
Page 15 of 17

not 'rise to the level of deficient performance under *Strickland*.'") (citations omitted); Furthermore, "[f]ailure to raise a meritless objection cannot support a claim for ineffective assistance." *Sittner v. Bowersox*, 969 F.3d 846, 853 (8th Cir. 2020). Undeniably, Williams only offers a paucity of facts in a failed effort to substantiate trial counsel's deficient performance. Although he questions the competency of his trial counsel's strategy, which apparently involved counsel's failure to object to the admission of allegedly prior inconsistent statements, Williams fails to suggest why the failure to object was an unsound trial strategy. Therefore, we conclude that Williams' trial counsel did not demonstrate deficient performance for failing to object to the admission of the alleged prior inconsistent statements.

¶25     On appeal, Williams also asserts newly discovered evidence as another ground for habeas corpus relief. Like Williams' ineffectiveness claim, the Superior Court first had to assess whether the allegations in the petition, if true, presented a prima facie case for newly discovered evidence that would entitle Williams to relief. *Fahie v. Gov't of the V.I.*, 73 V.I. 443, 451 (V.I. 2020).

¶26     To prevail on a claim of newly discovered evidence, a petitioner must identify evidence that is "so conclusive and so persuasive that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Fahie*, 73 V.I. at 451. This standard is extremely high. *Id. See United States v. Laureano-Salgado*, 933 F.3d 20, 28 (1st Cir. 2019) ("To get a new trial based on newly-discovered evidence, a defendant ordinarily must show that the evidence (1) was either unknown or unavailable to him during the trial; (2) could not have been uncovered sooner with diligence; (3) is material, not just cumulative or impeaching; and (4) is sufficiently compelling that it would probably produce an acquittal at a retrial — a hefty burden, to be sure.").

*Williams v. Bureau of Corrections*
S. Ct. Civ. No. 2021-0011
Opinion of the Court
Page 16 of 17

2024 V.I. 2

¶27    In his habeas corpus petition, Williams attached an August 15, 2017 affidavit from Lynell Hughes which primarily stated that she did not witness Williams shoot A. Williams and that she attempted to inform the People and the court of that fact.[8] In its opinion denying Williams' habeas corpus petition, the Superior Court stated that Hughes' trial testimony and statement in the affidavit did not differ substantially. J.A. 10. Moreover, on appeal, Williams fails to provide a complete trial transcript that would enable us to properly assess the allegedly inconsistent nature of the statements. Yet, as previously recognized in footnote 6 of this opinion, we may take judicial notice of prior judicial proceedings. Thus, we notice the facts and other evidence in Williams' direct appeal of his original convictions to this Court published in 59 V.I. 1024. In that case, we reviewed Hughes' trial testimony where she stated that she did not see anyone shoot A. Williams. *Williams*, 59 V.I. at 1029. Significantly, that is precisely the same claim she asserts in the August 15, 2017 affidavit. Therefore, although the trial transcript provided to this Court in the present proceeding was deficient, we concur with the Superior Court that Hughes' affidavit is not new evidence and affirm the trial court's denial of Williams' claim of newly discovered evidence on that ground.

## CONCLUSION

¶28    For the above reasons, we affirm the Superior Court's denial of Williams' petition for writ of habeas corpus.

---

[8] We question whether Hughes' affidavit actually represents new evidence especially when she testified at trial. *See Rozelle v. Sec'y Dep't of Corrections*, 672 F.3d 1000, 1016-1019 (11th Cir. 2012) (explaining that evidence known to petitioner at the time of trial was not "new"); *United States v. West*, 103 F.Supp.2d 1301, 1304-05 (N.D. Ala. 2000) (noting that petitioner's arguments for newly discovered evidence was unavailing for several reasons, including the fact that if it was premised on the trial record, it logically cannot involve anything new).

*Williams v. Bureau of Corrections*
S. Ct. Civ. No. 2021-0011
Opinion of the Court
Page 17 of 17

2024 V.I. 2

Dated this _____*10th*_____ day of _____*January*_____ 2024

**IVE ARLINGTON SWAN**
Associate Justice

**ATTEST:**
**VERONICA J. HANDY, ESQ.**
**Clerk of the Court**

**By:** _____
**Deputy Clerk II**

**Date:** _____1-10-2024_____